MORGAN, LEWIS & BOCKIUS LLP
Max Fischer, Bar No. 226003
Jacqueline Dack, Bar No. 358780
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501
max.fischer@morganlewis.com
jacqueline.dack@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Elizabeth Bright, Bar No. 280129
2049 Century Park East
Suite 700
Los Angeles, CA 90067
Tel:   +1.310.907.1000
Fax:   +1.310.907.1001
elizabeth.bright@morganlewis.com

Attorneys for Defendant
UNITED WHOLESALE MORTGAGE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD ROSA, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED WHOLESALE MORTGAGE, LLC and DOES 1 to 50, Inclusive,<br><br>　　　　Defendants. | Case No.: 8:26-cv-00378<br><br>[Orange County Superior Court Case No. 30-2026-01539750-CU-OE-CJC]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1332(a), 1441, and 1446]<br><br>Complaint Filed:  January 13, 2026 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO BRAD ROSA AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant United Wholesale Mortgage, LLC ("Defendant") removes the above-entitled action from the Superior Court of California in and for the County of Orange to the United States District Court for the Central District of California, Southern Division. In support of removal, Defendant states the following:

## I.    SUMMARY OF RELEVANT PROCEDURAL HISTORY

1.    On or about January 13, 2026, Plaintiff Brad Rosa ("Plaintiff") filed an unverified Complaint in the Superior Court of the State of California in and for the County of Orange, entitled *Brad Rosa v. United Wholesale Mortgage, LLC et al*. Case No. 30-2026-01539750-CU-OE-CJC (the "Complaint"), against United Wholesale Mortgage, LLC, and DOES 1-50.  A true and correct copy of Plaintiff's Complaint and Summons that was served on Defendant on January 20, 2026, is attached as **Exhibit A** and is incorporated by reference.

2.    Plaintiff's Complaint alleges the following causes of action: 1) retaliation in violation of Labor Code § 1102.5; 2) retaliation in violation of Labor Code § 98.6; and 3) wrongful termination in violation of public policy.

3.    On February 18, 2026, Defendant filed and served its Answer to Plaintiff's Complaint. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit B**.

4.    **Exhibits A and B** include all the pleadings, process and orders served upon or by Defendant, or filed, in this Court and Orange County Superior Court to Defendant's knowledge to date.

## II.    THE REMOVAL IS TIMELY

5.    This Notice of Removal is timely under 28 U.S.C. § 1446(b)(2)-(3), which provides that a notice of removal of a civil action shall be filed within 30 days

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Defendant was served with the Summons and Complaint on January 20, 2026. This Removal is filed on or before February 19, 2026. Accordingly, this Notice of Removal is timely filed.

6. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

7. This is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 (diversity jurisdiction), and it is one which Defendant may remove pursuant to 28 U.S.C. §1441. This is a civil action where the amount in controversy for Plaintiffs' claims exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.[1] Defendant is a citizen of Delaware and Michigan. Plaintiff is a citizen of California.

### A. Complete Diversity of Citizenship Exists.

8. A case may be heard in federal court under diversity jurisdiction if there is complete diversity, i.e., all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a). A defendant may remove an action to federal court under 28 U.S.C. § 1332, provided that no defendant is a citizen of the same state in which the action was brought or of the same state in which the plaintiff is a citizen. 28 U.S.C.

---

[1] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy exceeds the jurisdictional minimum. Defendant maintains that each of Plaintiffs' claims is without merit and Defendant is not liable to Plaintiffs. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or actually could recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

§ 1441(a), (b).

9.     Here, all requirements are met because Plaintiff is a citizen of California, and Defendant is a citizen of Michigan and Delaware.

### 1. **Plaintiff is a Citizen of California.**

10.    "An individual is a citizen of the state in which he is domiciled[.]" *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

11.    Continuing residence creates a presumption of domicile. *Washington v. Hovensa, LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994). Plaintiff alleges that "[a]t all times set forth herein, Plaintiff BRAD ROSA was and is a resident of California." *See* Compl. ¶ 12. Plaintiff does not allege that he was a citizen of any state other than California and there is no indication that Plaintiff is, or was, a citizen of states other than California at any time relevant to the Complaint. Thus, Plaintiff was domiciled in the State of California and is a citizen of California for purposes of diversity jurisdiction in this matter.

### 2. **United Wholesale Mortgage, LLC is a Citizen of Michigan and Delaware.**

12.    For purposes of diversity, the citizenship of a limited liability company is determined by looking at the citizenship of each of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

13.    United Wholesale Mortgage, LLC is organized under the laws of Michigan with its corporate headquarters and principal place of business in Michigan. The sole member of United Wholesale Mortgage, LLC is UWM Holdings, LLC. UWM Holdings, LLC is organized under the laws of Delaware with

- 4 -

its corporate headquarters and principal place of business in Michigan. The members of UWM Holdings, LLC are SFS Holding Corporation and UWM Holdings Corporation.

14.    For diversity purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings . . ." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

15.    SFS Holding Corporation is a Michigan corporation with its corporate headquarters and principal place of business in Michigan. UWM Holdings Corporation is a Delaware corporation with its corporate headquarters and principal place of business in Michigan.

16.    Thus, at all relevant times, Defendant's citizenship has been Delaware and Michigan, and not California.

17.    Therefore, diversity exists in this action as Plaintiff is not a citizen of Michigan or Delaware and Defendant is a citizen of Michigan and Delaware for diversity purposes.

### 3.    Doe Defendants Are Irrelevant for Purposes of Removal.

18.    The Complaint also names as defendants "DOES 1 through 50."  The citizenship of fictitious "Doe" defendants, however, is disregarded for removal purposes.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); *see also Soliman v. Philip Morris*,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

Inc., 311 F.3d 966, 971 (9th Cir. 2002).

## IV.   THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

7.   As a general matter, the "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).  "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.*, quoting H.R. Rep. No. 112-10, p. 16 (2011).

8.   In determining whether a complaint meets the $75,000 threshold amount in controversy set forth in 28 U.S.C. § 1332(a), courts are to consider the aggregate amount of the claims and value of the claims. *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and, therefore, claims of a plaintiff are aggregated in order to satisfy amount in controversy). The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive a court of jurisdiction. *See Banta v. Am. Med. Response Inc.*, No. CV 11-03586 GAF RZX, 2011 WL 2837642 (C.D. Cal. July 15, 2011) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy).

9.   "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if he prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("Where, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy."); *see also Melendez v. HMS Host Family Rest., Inc.*, No. CV 11- 3842 ODW CWX, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount in

- 6 -

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

controversy calculation); *Rivera v. Costco Wholesale Corp.*, No. C 08- 02202 CW, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal); *Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (including future lost income in amount in controversy calculation).

10.     The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff alleges that Defendants retaliated against Plaintiff for his whistleblowing activities, resulting in his termination. Plaintiff seeks recovery of lost past and future wages and bonuses, compensatory damages for loss of earnings, employee benefits, and emotional distress, punitive damages, and civil penalty "not exceeding ten thousand dollars for each violation of Labor Code § 1102.5, pursuant to Labor Code § 1102.5(f)." *See*, *e.g.*, Prayer for Relief ¶¶ 1-5.

11.     Lost earnings are included in the amount in controversy calculation. *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14–09154–AB (AJWx), 2015 WL 898468, at *4 (C.D. Cal. March 3, 2015) (denying motion for remand by calculating plaintiff's lost wages based on regular annual salary earnings); *Melendez*, 2011 WL 3760058, at *2 (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount in controversy calculation); *Rivera*, 2008 WL 2740399, at *3 (considering "lost wages and benefits [that] may accrue" after removal).

12.     Projecting a plaintiff's anticipated lost wages out over a one-year period—from the filing of the Complaint to the expected date of judgment, for example—has been deemed reasonable. *See, e.g., Melendez*, 2011 WL 3760058, at *2; *Rivera*, 2008 WL 2740399, at *1, 3.

13.     Although Plaintiff does not quantify his alleged compensatory damages in the Complaint, he alleges that, as a result of Defendant's purported conduct, he has sustained and will continue to sustain economic damages, including lost earnings and

employment benefits, in amounts to be proven at trial. *See, e.g.*, Compl. ¶¶ 92-93; Prayer for Relief ¶¶ 2-4.

14.     Plaintiff alleges that he was employed by Defendant beginning on or about February 12, 2024, as in-house counsel in Defendant's Title Review and Closing ("TRAC") department. *See* Compl. ¶¶ 4-5. Plaintiff earned approximately $2,277.90 a week in this position. Plaintiff further alleges that his employment was terminated on or about December 3, 2025. *See* Compl. ¶¶ 4-5.

15.     Plaintiff's Complaint seeks recovery of past and future lost wages and bonuses allegedly arising from Defendants' purported conduct. *See* Prayer for Relief ¶ 4. Plaintiff alleges that his employment ended on or about December 3, 2025. *See* Compl. ¶ 4. As previously stated, Plaintiff was earning approximately $2,277.90 per week at the time of termination. Based on Plaintiff's allegations and pay rate, one year of back pay alone places approximately $118,450.80 in controversy ($2,277.90 per week × 52 weeks). In addition, Plaintiff seeks future lost earnings, which conservatively places at least an additional $118,450.80 in controversy for one year of future wages. In sum, Plaintiff's allegations place no less than approximately $236,901.60 in controversy based on back pay and front pay alone, exclusive of any additional lost wages accruing through trial, the value of lost employment benefits, emotional distress damages, punitive damages, statutory penalties, or attorneys' fees.

16.     In addition, Plaintiff alleges that he has suffered emotional distress as a result of Defendants' purported conduct. *See, e.g.*, Compl. ¶¶ 81, 93. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998).

17.     Indeed, plaintiffs alleging emotional distress as a result of retaliation regularly seek in excess of $75,000 for such damages. *Lawson v. PPG Indus., Inc.*, No. 8:18-CV-00705-JVS-JPR, 2025 WL 2493767 (C.D. Cal. Aug. 13, 2025), *appeal*

- 8 -

*filed* August 29, 2025 (District Court upheld award of $2,000,000 emotional damages award in a single-plaintiff case involving whistleblower retaliation claim); *Buron v. Occupational Health Centers of California*, No. 37-2021-00026852-CU-WT-CTL (San Diego Sup. Ct. 2024) (jury award for $1,562,000 for emotional distress damages in a single-plaintiff case involving whistleblower retaliation claim). Like the plaintiffs in these lawsuits, Plaintiff alleges that he was retaliated against based on his whistleblowing activities and has suffered emotional distress as a result. Accordingly, it is reasonable to assume, solely for the purposes of establishing the amount in controversy, that the Complaint puts at issue in excess of $75,000 for alleged emotional distress damages alone.

18. Plaintiff also seeks to recover an unspecified amount of attorneys' fees pursuant to statute. *See* Prayer for Relief ¶ 7; *see also*, *e.g.,* Compl. ¶ 66. Courts have held that an award of attorneys' fees, if such fees are authorized, may be considered for purposes of calculating the amount in controversy. *Galt G/S*, 142 F.3d at 1150, 1155-56 ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *Sanchez v. Wal-Mart Stores, Inc.*, No. CIVS06CV2573DFLKJM, 2007 WL 1345706, *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation"). The reasonable estimation of attorneys' fees for purposes of removal is not limited to only those fees incurred as of the time of removal; rather, it is proper to consider future attorneys' fees that would reasonably accrue through the time the action is resolved. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

19. Here, Plaintiff's Complaint alleges claims under California Labor Code § 1102.5, which authorizes the court to "award reasonable attorney's fees to a

- 9 -

plaintiff who brings a successful action for a violation of these provisions." Cal. Labor Code § 1102.5(j). Should Plaintiff prevail in this action, he would be entitled to recover his attorneys' fees, which further and substantially increases the amount in controversy.

20. Finally, Plaintiff seeks an award of punitive damages against Defendants based on their alleged conduct. *See* Prayer for Relief ¶ 3; *see also*, *e.g.*, Compl. ¶ 66, 82, 94. Punitive damages are counted toward the amount in controversy requirement for diversity cases. *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("In an amount in controversy inquiry for diversity purposes, punitive damages, where authorized, are counted toward the requirement."); *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). Punitive damages awards in California are routinely into the six figures, and even seven figures, alone. *See e.g.*, *Frank Allen v. Radio Shack Corp.*, case number 3:11-CV-03110-WHA, (N.D. Cal. 2013) ($500,000 punitive damage award in single plaintiff discrimination, retaliation, and wrongful termination case); *Daniel Webb v. Ramos Oil Co.*, Case No. CV-09-521 (Yolo Sup. Ct. 2012) ($3,577,803 punitive damage award in single plaintiff wrongful termination case); *Randall Radford v. BAE Sys., S.F. Ship Repair Inc., and Hugh Vanderspek*, Case No. CGC 09 488061 (San Francisco Sup. Ct. 2011) ($420,000 in punitive damage award in single plaintiff discrimination, retaliation and wrongful termination case); *Wilma Ismen v. Beverly Hosp.*, Case No. BC366198 (Los Angeles Sup. Ct. 2008) ($825,000 in punitive damage award in single plaintiff failure to accommodate, retaliation, and wrongful termination case); *Teresa D. Green v. Las Flores Convalescent Hosp.*, Case No. BC374097 (Los Angeles Sup. Ct. 2008) ($1,237,086 in punitive damage award in single plaintiff retaliation and wrongful

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

termination case); *James Stevens v. The Vons Companies, Inc.*, Case No. SC041162 (Ventura Sup. Ct. 2006) ($16,729,880.00 punitive damage award in single plaintiff harassment case; reduced to $1,200,000); *Gatchalian v. Kaiser Found. Hosps. and Kaiser Found. Health Plan* (Los Angeles Sup. Ct. 2023) (41 million award including $11.49 million in compensatory damages, $9 million for emotional distress, and $30 million in punitive damages).

21.     While Defendant denies any and all liability to Plaintiff, as established above, the amount placed into controversy by the Complaint exceeds $75,000, exclusive of interest and costs.

## V.     THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

22.     Venue lies in the Central District of California, Southern Division, pursuant to 28 U.S.C. § 1441(a).  This action was originally brought in the Superior Court of the State of California, County of Orange. Therefore, this District encompasses the county in which this action has been pending since its inception.

23.     Defendant will promptly serve Plaintiffs with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, County of Orange, as required under 28 U.S.C. § 1446(d).

24.     If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

25.     By this Notice of Removal and the Exhibits attached hereto, Defendant does not intend to make any admissions of fact, law or liability relating to the claims in the Complaint and expressly reserves the right to make any and all defenses and motions necessary in its defense against Plaintiffs' allegations.

**WHEREFORE**, Defendant respectfully requests that this action be removed from the Superior Court of the State of California in and for the County of Orange to the United States District Court for the Central District of California, Southern

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

Division, and that all proceedings hereinafter in this matter take place in the United States District Court for the Central District of California.


Dated: February 19, 2026                    MORGAN, LEWIS & BOCKIUS LLP


                                            By:  /s/ Max Fischer
                                                Max Fischer
                                                Elizabeth Bright
                                                Jacqueline Dack

                                                Attorneys for Defendants
                                                UNITED WHOLESALE MORTGAGE,
                                                LLC

# EXHIBIT A

**CT Corporation**
**Service of Process Notification**
01/20/2026
CT Log Number 551143184

## Service of Process Transmittal Summary

**TO:**   Erica Limer
United Wholesale Mortgage, LLC
585 SOUTH BLVD E
PONTIAC, MI 48341-3163

**RE:**   **Process Served in California**

**FOR:**   United Wholesale Mortgage, LLC  (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BRAD ROSA, an individual vs. UNITED WHOLESALE MORTGAGE, LLC |
| **CASE #:** | 30202601539750CUOECJC |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 01/20/2026 at 11:29 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Erica Limer  elimer@uwm.com |
| | Email Notification,  HOLLY PHILLIPS  hphillips@uwm.com |
| | Email Notification,  Ryan Byrd  rbyrd2@uwm.com |
| | Email Notification,  Riam Elias  relias1@uwm.com |
| | Email Notification,  Michael Conte  mconte@uwm.com |
| | Email Notification,  Nicoletta Wrubel  nwrubel@uwm.com |
| | Email Notification,  Eric Mehmetaj  emehmetaj@uwm.com |
| | Email Notification,  Nathan Rill  nrill@uwm.com |
| | Email Notification,  Eric Turnbull  eturnbull@uwm.com |
| | Email Notification,  Sarah Queiros  squeiros@uwm.com |
| | Email Notification,  Manraj Dhaliwal  mdhaliwal@uwm.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
8662031500
DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the



**CT Corporation**
**Service of Process Notification**
01/20/2026
CT Log Number 551143184

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jan 20, 2026

**Server Name:** Brandon Yadegar

| | |
|---|---|
| Entity Served | UNITED WHOLESALE MORTGAGE, LLC |
| Case Number | 30-2026-01539750-CU-OE-CJC |
| Jurisdiction | CA |

| Inserts |
|---|
| | | |



Electronically Filed by Superior Court of California, County of Orange, 01/15/2026 01:20:00 PM.
30-2026-01539750-CU-OE-CJC - ROA # 11 - DAVID H. YAMASAKI, Clerk of the Court By A. Burton, Deputy Clerk.
Case 8:26-cv-00378-MRA-KES    Document 1    Filed 02/19/26    Page 17 of 43    Page ID
#:17

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNITED WHOLESALE MORTGAGE, LLC;
and DOES 1 thru 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRAD ROSA, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

**Assigned for All Purposes**

| The name and address of the court is: | CASE NUMBER: Judge Thomas J Lo |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court of the State of California for the County of Orange - Central Justice Center 700 Civic Center Drive West Santa Ana, CA 92701 | 30-2026-01539750-CU-OE-CJC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

LIANE LY LAW
LIANE KATZENSTEIN LY, Esq. (SBN 259230) liane@lianelylaw.com
601 S Figueroa St., Ste. 1950, Los Angeles, CA 90017-3983 Tel: (818) 208-2312

KINGSLEY SZAMET EMPLOYMENT LAWYERS
ERIC B. KINGSLEY, Esq. (SBN 185123) eric@kingsleylawyers.com;
16133 Ventura Blvd., Suite 1200, Encino, CA 91436  Tel: (818) 990-8300,
Fax: (818) 990-2903

| DATE: *(Fecha)* 01/15/2026 DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *(Secretario)* A. Burton   *Athena Burton* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*:   United Wholesale Mortgage, LLC
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☑ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |
|---|---|---|

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Case 8:26-cv-00378-MRA-KES - Document 1 - Filed 02/19/26 - Page 18 of 43 - Page ID #:18

**KINGSLEY SZAMET**
**EMPLOYMENT LAWYERS**
ERIC B. KINGSLEY, Esq. (SBN 185123)
eric@kingsleylawyers.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Tel: (818) 990-8300, Fax (818) 990-2903

**LIANE LY LAW**
LIANE KATZENSTEIN LY, Esq. (SBN 259230)
liane@lianelylaw.com
601 S Figueroa St., Ste 1950
Los Angeles, CA 90017-3983
Tel: (818) 208-2312

Attorneys for Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| BRAD ROSA, an individual,<br><br>PLAINTIFF,<br><br>v.<br><br>UNITED WHOLESALE MORTGAGE, LLC and DOES 1 to 50, Inclusive,<br><br>DEFENDANTS. | CASE NO.  30-2026-01539750-CU-OE-CJC<br><br>Assigned for All Purposes   Judge Thomas J Lo<br><br>COMPLAINT FO Judge Thomas J Lo<br><br>1. Retaliation in Violation of Labor Code § 1102.5<br>2. Retaliation In Violation of Labor Code § 98.6<br>3. Wrongful Termination in Violation of Public Policy |

1

COMPLAINT FOR DAMAGES

Plaintiff BRAD ROSA ("Plaintiff") complains against Defendants UNITED WHOLESALE MORTGAGE, LLC; and DOES 1 through 50, inclusive, ("Defendant"), and each of them, as follows:

## I.

### JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, § 10 of the California Constitution and Jurisdiction is proper pursuant to Code of Civil Procedure § 410.10 by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $35,000, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California.

2. This Court has personal jurisdiction over Defendant because Defendant has caused injuries in the County of Orange and the State of California through their acts, and by their violation of the California Government Code, California Labor Code, California state common law.

3. Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. Defendant operates within California and does business within Orange County. The unlawful acts of Defendants alleged herein have a direct effect on Plaintiff within the State of California and the county of Orange.

## II.

### PARTIES

A. **PLAINTIFF**

12. At all times set forth herein, Plaintiff BRAD ROSA was and is a resident of California.

13. He worked as an exempt employee.

B. **DEFENDANTS**

14. At all times set forth herein, Defendant UNITED WHOLESALE MORTGAGE, LLC ("UWM") is a Michigan corporation operating within the State of California including in the

COMPLAINT FOR DAMAGES

County of Orange. Defendant's corporate address is 585 South Blvd. East, Pontiac, MI 48341.

15. Upon information and belief, Defendant employed Plaintiff within the County of Orange and has done and does business throughout the State of California

16. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, spouse, partner, alter-ego, joint-venturer, and/or joint-employer of each of the other Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of the Defendants acted within the scope of their relationship with and with the permission, consent, and ratification of each of the other Defendants named herein. Furthermore, Defendants acted in all respects as the employers or joint employers.  Defendant, and each of them, exercised control over the wages, hours or working conditions of Plaintiff, or suffered or permitted Plaintiff, or engaged, thereby creating a common law employment relationship, with Plaintiff.  Therefore, Defendants, and each of them, employed or jointly employed Plaintiff.

17. Plaintiff is informed and believes and thereon alleges that each Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendant.  Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff.

18. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

19. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below.

3

COMPLAINT FOR DAMAGES

20.     Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, spouse, partner, alter-ego, joint-venturer, and/or joint-employer of each of the other Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of the Defendants acted within the scope of their relationship with and with the permission, consent, and ratification of each of the other Defendants named herein.  Furthermore, Defendants acted in all respects as the employers or joint employers.  Defendants, and each of them, exercised control over the wages, hours or working conditions of Plaintiff, or suffered or permitted Plaintiff, or engaged, thereby creating a common law employment relationship, with Plaintiff. Therefore, Defendants, and each of them, employed or jointly employed Plaintiff.

**III.**

**FACTUAL BACKGROUND**

4.     Plaintiff worked as a Corporate Title Attorney  (also known as "TRAC Attorney") for Defendant from approximately February 12, 2024 to December 3, 2025.

5.     Plaintiff is a licensed attorney in California and Massachusetts, and he worked for Defendant as in-house counsel in its Title Review and Closing (TRAC") department.

6.     The TRAC department included approximately forty (40) attorneys representing nearly every jurisdiction in the country.

7.      In that role, Plaintiff was responsible for reviewing public land records and issuing Attorney Opinion Letters ("AOLs") in connection with residential mortgage refinances processed through Defendant's TRAC program.

8.     From February 2024 until the first week of October 2025, Plaintiff was tasked with writing and signing AOLs on conventional loans (Fannie Mae and Freddie Mac pilot) as part of Defendant's TRAC Program.

9.     TRAC attorneys were only allowed to execute AOLs in states where they were licensed.  A practice known as "ghostwriting" was used to distribute workflow, whereby an attorney would draft but not sign letters for properties in states where they were not licensed, then a locally licensed attorney in the TRAC Department would review the ghostwritten AOLs and

COMPLAINT FOR DAMAGES

execute.

10. On or about October 2, 2025, the TRAC AOL program on conventional loans was discontinued and the TRAC+ TSL program began. For the first time, attorneys were instructed that they could (if they were comfortable) sign letters in states where they were not licensed (with the exception of Alabama, Arizona, California, Florida, Kentucky, Louisiana, New Jersey, Ohio, Pennsylvania, and South Dakota). It was made clear that eventually attorneys would be required to sign in states where they were not licensed.

11. The TRAC+ program allows Defendant to internally conduct title review, closing, and disbursement for certain FHA and VA refinance loans, in lieu of obtaining a traditional lender's policy of title insurance.

12. Like AOLs, the TSL serves a function comparable to a preliminary title report: it reflects a professional legal assessment of the status of title, identifies defects or "clouds" on title, and evaluates whether the new mortgage will obtain first-lien priority.

13. Unlike title insurance, the TSL relies exclusively on the attorney's legal opinion and carries no insurance backing.

14. For each loan file, non-attorney title abstractors assembled a title abstract consisting of a chain of title, lien, tax, and judgment searches, along with copies of recorded instruments affecting title.

15. Plaintiff then independently reviewed the abstract and underlying documents for accuracy, completeness, and legal sufficiency, and determined whether any curative action was required to protect lien priority.

16. Where defects or gaps were identified, Plaintiff directed curative measures and later reviewed and approved the corrective instruments before issuing an executed TSL.

17. Curative matters were memorialized in an appendix to the TSL and could include missing deeds, unreleased mortgages, lien issues, legal description errors, probate or divorce documents, or other title defects affecting ownership or priority. Files requiring curative action were not executed until Plaintiff approved the resolution of those issues.

18. Each TSL was signed by Plaintiff in his capacity as "UWM Corporate Counsel –

5

COMPLAINT FOR DAMAGES

TRAC" and included an express representation that the letter reflected the attorney's legal opinion based on his licensure, knowledge and experience.

19.    Plaintiff and other Corporate Title Attorneys were not registered as in-house counsel under Michigan Court Rule 5.5(d), as the work involved state-specific title opinions, not exclusively Michigan or federal matters.

20.    UWM changed the name of AOLs to Title Standing Letters ("TSLs"), but the substance and purpose of both remained the same.

21.    Shortly after the launch of the TSL program, TRAC attorney staff raised concerns about possible exposure for the unauthorized practice of law by signing in states where they were not licensed.

22.    Attorneys compiled and submitted to management approximately 12 pages of questions, concerns, and legal research for various jurisdictions (document titled "Questions and Concerns on New TRAC").

23.    An all-TRAC attorney meeting was held in October to discuss these concerns and was led by Adam Wolfe, EVP, Chief Legal and Administrative Officer of UWM, who ultimately stated words to the effect that if attorneys were not willing to operate in the gray, UWM may not be the right place for them.

24.    Management refused to share any research showing that signing letters in states without a license was not the unauthorized practice of law.

25.    From the October meetings up until November 28th, attorneys were not required by management to sign in states where they were not licensed.

26.    Ghostwriting, a process mechanism designed to avoid the unauthorized practice of law, was allowed. This is where an attorney not licensed in the subject property's state would review the title file and draft the letter/opinion, and a locally licensed attorney would review and make necessary changes.

27.    The licensed attorney would sign the letter.

28.    The TSL further required Plaintiff to identify the state(s) in which he was licensed to practice law and stated that the views expressed were based solely on his, knowledge and

6

COMPLAINT FOR DAMAGES

experience in the respective state(s).

29.    Plaintiff conducted his own investigation into whether signing TSLs in non-licensed states was permissible, and he contacted the California State Bar.

30.    Plaintiff was advised that he would need to consult each individual state bar and that if he incorrectly signed legal opinions in a state where such conduct constituted the unauthorized practice of law, Plaintiff was the one engaging in the unauthorized practice of law.

31.    Plaintiff understood that some states addressed the issue through statutes, while others relied on ethics opinions or case law.

32.    As such, a thorough search would need to be performed in each of the States.

33.    Plaintiff specifically researched whether he could sign TSLs for properties located in Texas, because it was a high volume state and he had written hundreds of ghostwrites for Texas properties.

34.    Texas Government Code section 83.001 prohibits non-licensed individuals from charging or receiving compensation for preparing legal instruments affecting title to real property, including deeds, deeds of trust, notes, mortgages, and lien-related documents.

35.    Plaintiff also considered Texas courts' broader interpretation that providing opinions or certifications on title marketability, defects, liens, insurability, and priority requires legal skill and knowledge specific to Texas law and constitutes the practice of law (see *Hexter Title & Abstract Co. v. Grievance Committee,* 179 S.W.2d 946 (Tex. 1944); *Unauthorized Practice Committee v. Cortez,* 692 S.W.2d 47 (Tex. 1985)).

36.    The only potentially applicable exception appears in Texas Disciplinary Rule of Professional Conduct 5.05(c), which exempts out-of-state lawyers providing legal services solely to their employer or its organizational affiliates.

37.    Plaintiff was concerned that this exception did not apply, because borrowers paid Defendant for the TSL as part of the refinance, borrowers' brokers received copies of the TSL, and relied upon it to clear title, meaning the work was not solely internal to Defendant.

38.    Ginnie Mae requires the TSL and it follows the loan for the life of the loan through the secondary market.  (it is produced for and relied upon by external parties in the loan's

lifecycle).

39.     Plaintiff also contacted the Texas Bar hotline but was unable to obtain a definitive answer.

40.     In approximately November 2025, Defendant implemented a policy change.

41.     The new policy required Plaintiff and other Corporate Title Attorneys to sign TSLs for properties located in states where they were not licensed.

42.     Defendant held a meeting on November 28, 2025, while Plaintiff was on paid time off. Plaintiff was informed of the meeting and its contents upon his return.

43.     Upon information and belief, during that meeting Team Leads informed Corporate Title Attorneys that refusal to sign TSLs in states where they were not licensed, subject to ten (10) exceptions, would be treated as a resignation.

44.     The policy exempted ten (10) states that explicitly prohibit such work by non-licensed attorneys: Alabama, Arizona, California, Florida, Kentucky, Louisiana, New Jersey, Ohio, Pennsylvania, and South Dakota

45.     The remaining approximately twenty-seven (27)  states where the program was active did not expressly prohibit the conduct, but also did not affirmatively authorize it.

46.     Plaintiff does not believe that UWM looked into whether these twenty-seven (27) states had opinion letters addressing title opinions  by non-licensed lawyers.

47.     On December 1, 2025, upon returning to work, Plaintiff contacted his supervisor, Brad Wagnon, regarding the policy.

48.     Mr. Wagnon informed Plaintiff that upper management would treat refusal to sign TSLs in the twenty-seven (27) states as a resignation.

49.     Mr. Wagnon then stated, "but we all know it's not really a resignation."

50.     Mr. Wagnon explained that the policy change was motivated by approximately twenty (20) ghostwritten files that were ready to be signed but lacked an authorized signatory on Friday November 28, 2025.

51.     Plaintiff informed Mr. Wagnon that he was not resigning and that Defendant would have to terminate him if it insisted on the policy.

8
COMPLAINT FOR DAMAGES

52. Plaintiff offered to continue ghostwriting files in states where he was not licensed, provided another licensed attorney signed the TSL.

53. Plaintiff further offered to continue writing and signing all California and Massachusetts files and to assist with legal department overflow.

54. Plaintiff informed Mr. Wagnon of his research and communications with the California and Texas State Bars.

55. The call ended without resolution.

56. Defendant nevertheless maintained its policy requiring Plaintiff to issue legal opinions concerning properties located in states where he was not licensed, creating a jurisdictional disconnect between the legal opinion rendered and Plaintiff's licensure.

57. Plaintiff reasonably believed that issuing such opinions constituted, or risked constituting, the unauthorized practice of law and raised those concerns with Defendant.

58. The nature of Plaintiff's employment and duties was systematic and continuous, requiring Plaintiff and other Corporate Title Attorneys to collectively issue hundreds or even thousands of TSLs per week, depending on loan volume, resulting in repeated and ongoing contact with states where Plaintiff was not licensed to practice law.

59. Defendant's policy thus forced Plaintiff to choose between complying with the requirement to sign TSLs in unlicensed states which Plaintiff reasonably believed risked the unauthorized practice of law and potential discipline to his professional licenses, or face termination of his employment.

60. Plaintiff's supervisor, Brad Wagnon, is a licensed attorney in Michigan and other states.

61. Plaintiff believed that the policy placed Mr. Wagnon in a position of directing subordinates to engage in conduct that could violate his own ethical responsibilities under the rules of professional conduct in his licensed jurisdictions.

62. On December 3, 2025, Mr. Wagnon and a Human Resources representative terminated Plaintiff's employment by telephone.

63. Mr. Wagnon stated that Plaintiff was terminated for insubordination based on his

9

COMPLAINT FOR DAMAGES

refusal to sign TSLs in states where he was not licensed.

64. On December 4, 2025, Plaintiff was informed by a former co-worker that his name was discussed during a subsequent team meeting.

65. Upon information and belief, Team Lead Maria Zengel told her team that Plaintiff and another employee, Francisco Jiminez, were terminated to serve as examples because they were outspoken.

66. Because of Defendant's unlawful policies and/or practices, Plaintiff is entitled to wages, interest, liquidated or punitive damages, and attorney's fees and costs and any other relief allowable by law.

## IV.

## FIRST CAUSE OF ACTION
### RETALIATION IN VIOLATION OF LABOR CODE § 1102.5

67. Plaintiff repeats, re-alleges, and incorporates by reference, as though set forth in full herein, all previous paragraphs in this Complaint.

68. Labor Code § 1102.5(a) prohibits an employer, or any person acting on behalf of the employer, from making, adopting, or enforcing any rule or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

69. Labor Code § 1102.5(b) prohibits retaliation by an employer, or any person acting on behalf of the employer, against an employee for disclosing any information to any person with authority to investigate, or any public body investigating, violation of a state or federal statute or regulation if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

70. Labor Code § 1102.5(c) prohibits an employer, or any person acting on behalf of

10
COMPLAINT FOR DAMAGES

the employer, from retaliating against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

71. Defendant violated Labor Code § 1102.5(b) by retaliating against Plaintiff for complaining about UWM's policy of forcing corporate lawyers to sign TSL's in states where they are not licensed.

72. Defendant indicated that it terminated Plaintiff "to serve as an example" to the other employees because of how outspoken he was about what he believed to be an unlawful policy.

73. Plaintiff reasonably believed the conduct he complained about was unlawful.

74. Plaintiff's protected activity was at minimum a contributing factor in Defendant's retaliatory acts of ultimately terminating Plaintiff pursuant to Labor Code § 1102.6.

75. Defendant also violated Labor Code § 1102.5(c) by retaliating against Plaintiff for refusing to participate in an activity that was unlawful.

76. Texas Government Code section 83.001 makes it unlawful for a non-licensed lawyer to engage in title opinions like the ones performed by Plaintiff and the other corporate lawyers.

77. California Professional Rule 5.5 prohibits a lawyer admitted to practice in California from practicing law in another jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction.

78. California State Bar Rule 8.4 also prohibits dishonest, fraud, or misrepresentation.

79. California State Bar Rule 8.5 subjects a California lawyer to discipline regardless of where the lawyer's conduct occurs.

80. As a direct and proximate cause of Defendant's violation of Labor Code § 1102.5, Plaintiff has suffered damages, including, but not limited to, lost wages and work benefits, in a sum to be determined at trial.

81. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, emotional distress, humiliation, mental anguish, anger, and

embarrassment, all in an amount subject to proof at the time of trial.

82. The aforementioned acts of Defendant were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Defendant, or with the express knowledge, consent, and ratification of managerial employees of Defendant, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## IV.

## SECOND CAUSE OF ACTION

## RETALIATION IN VIOLATION OF LABOR CODE § 98.6

83. Plaintiff repeats, re-alleges, and incorporates by reference, as though set forth in full herein, all previous paragraphs in this Complaint.

84. At all relevant times, Labor Code section 98.6 was in effect and was binding on Defendant.

85. This statute prohibits Defendant from retaliating against any employee for raising safety issues or refusing to violate the law.

86. Plaintiff raised complaints of illegal activity and refused to violate the law, as more fully set forth above.

87. Defendant retaliated against him by harassing him and taking adverse employment actions against him, including, but not limited to termination of his employment.

## V.

## THIRD CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

88. Plaintiff repeats, re-alleges, and incorporates by reference, as though set forth in full herein, all previous paragraphs in this Complaint.

89. Jurisdiction is invoked pursuant to the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield Company* (1980) 27 Cal. 3d 167.

90. Plaintiff suffered multiple instances of retaliation, including termination.

12

COMPLAINT FOR DAMAGES

91.     Plaintiff's termination was wrongful in that it violated the fundamental policies of California that prohibit retaliation against employees for exercising their rights under the Labor Code, disclosing and opposing violations of law, and disclosing working conditions, as embodied in Labor Code §§ 98.6, 1102.5, et seq., and Code of Civil Procedure 527.8.

92.     As a direct and proximate cause of Defendant wrongfully discharging Plaintiff, Plaintiff has suffered, and will continue to suffer, damages in an amount within the jurisdiction of this court, a sum to be determined at trial.

93.     As a direct and proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, emotional distress, humiliation, mental anguish, anger, and embarrassment, all in an amount subject to proof at the time of trial.

94.     The aforementioned acts of Defendant were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Defendant, or with the express knowledge, consent, and ratification of managerial employees of Defendant, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendant, and Does 1 through 50, inclusive, and each of them, as follows:

1.     For special damages, according to proof;

2.     For all compensatory damages in the form of consequential, and incidental damages, including but not limited to back pay, loss of earnings and employee benefits and damages for emotional distress, according to proof;

3.     For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct, according to proof;

4.     For past and future lost wages and bonuses, and other earnings, according to proof;

5.     For a civil penalty not exceeding ten thousand dollars for each violation of Labor

Code § 1102.5, pursuant to Labor Code § 1102.5(f);

6.   An award of prejudgment and post judgment interest;

7.   For reasonable attorney's fees and costs;

8.   For costs of suit; and

9.   For such other and further relief as this Court deems appropriate.

**DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

DATED: January 13, 2026                    KINGSLEY SZAMET EMPLOYMENT
                                           LAWYERS

By: _____
    Eric B. Kingsley
    Attorneys for Plaintiff

---

14

COMPLAINT FOR DAMAGES

Electronically Filed by Superior Court of California, County of Orange, 01/15/2026 01:20:00 PM.
30-2026-01539750-CU-OE-CJC - ROA # 10 - DAVID H. YAMASAKI, Clerk of the Court By A. Burton, Deputy Clerk.
Case 8:26-cv-00378-MRA-KES - Document 1 - Filed 02/19/26 - Page 32 of 43 - Page ID
#:32

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
KINGSLEY SZAMET EMPLOYMENT LAWYERS    LIANE LY LAW
Eric B. Kingsley, Esq. (SBN 185123)     Liane Katzenstein Ly, Esq. (SBN 259230)
16133 Ventura Blvd., Ste 1200      601 S Figueroa St., Ste. 1950
Encino, CA 91436      Los Angeles, CA 90017-3983
TELEPHONE NO.: (818)990-8300    FAX NO.: (818)990-2903
EMAIL ADDRESS: eric@kingsleylawyers.com; liane@lianelylaw.com
ATTORNEY FOR (Name): Plaintiff, BRAD ROSA

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
BRAD ROSA v. UNITED WHOLESALE MORTGAGE, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] **Unlimited**    [ ] **Limited** | [ ] Counter    [ ] Joinder | 30-2026-01539750-CU-OE-CJC |
| (Amount demanded exceeds $35,000)   (Amount demanded is $35,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **Assigned for All Purposes** JUDGE: DEPT.: Judge Thomas J Lo |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): Three (3)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 13, 2026

Eric B. Kingsley
      (TYPE OR PRINT NAME)             ▶            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    **Page 1 of 2**

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
  relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    **Page 2 of 2**

For your protection and privacy, please press the Clear
This Form button after you have printed the form.
    **Print this form**   **Save this form**                    **Clear this form**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FOR COURT USE ONLY**<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br><br>**Jan 14, 2026**<br><br>Clerk of the Court<br>By: C. Leon, Deputy |
| PLAINTIFF: Brad Rosa | |
| DEFENDANT: United Wholesale Mortgage, LLC | |
| Short Title: ROSA VS. UNITED WHOLESALE MORTGAGE, LLC | |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2026-01539750-CU-OE-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>06/26/2026</u> at <u>09:00:00 AM</u> in Department <u>C44</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court, By: _____, Deputy

**NOTICE OF HEARING**                                                                                     **Page: 1**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** ROSA VS. UNITED WHOLESALE MORTGAGE, LLC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: **30-2026-01539750-CU-OE-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 01/14/2026. Following standard court practice the mailing will occur at Sacramento, California on 01/15/2026.

Clerk of the Court, by: _____ , Deputy

KINGSLEY SZAMET EMPLOYMENT LAWYERS
16133 VENTURA BOULEVARD # 1200
ENCINO, CA 91436

LIANE LY LAW
601 S FIGUEROS ST., STE 1950
LOS ANGELES, CA 90017-3983

# EXHIBIT B

MORGAN, LEWIS & BOCKIUS LLP
Max Fischer, Bar No. 226003
Jacqueline Dack, Bar No. 358780
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501
max.fischer@morganlewis.com
jacqueline.dack@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Elizabeth Bright, Bar No. 280129
2049 Century Park East
Suite 700
Los Angeles, CA 90067
Tel:    +1.310.907.1000
Fax:    +1.310.907.1001
elizabeth.bright@morganlewis.com

Attorneys for Defendant
UNITED WHOLESALE MORTGAGE, LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| BRAD ROSA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED WHOLESALE MORTGAGE, LLC and DOES 1 to 50, Inclusive,<br><br>Defendants. | Case No. 30-2026-01539750-CU-OE-CJC<br><br>Assigned for All Purposes: Judge Thomas J. Lo<br><br>**DEFENDANT UNITED WHOLESALE MORTGAGE, LLC'S ANSWER TO COMPLAINT**<br><br>Complaint Filed:  January 13, 2026<br>Trial Date:  None Set |

Defendant United Wholesale Mortgage, LLC ("Defendant") hereby answers the Complaint ("Complaint") filed by Plaintiff Brad Rosa ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each allegation in Plaintiff's Complaint. Furthermore, Defendant generally and specifically denies that Plaintiff is entitled to the relief requested or that Plaintiff has suffered damages in the manner alleged as a result of any act or omission to act on the part of Defendant or any of its past or present agents, representatives, or employees acting in the course and scope of their employment. Defendant further denies, generally and specifically, that Plaintiff is entitled to general, compensatory, punitive, or other damages, in any amount by reason of any act or omission on the part of Defendant or on the part of its agents, servants, employees, or representatives.

## AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Defendant's knowledge, information, and belief at this time. Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate defenses to the Complaint:

## FIRST DEFENSE
(Failure to State Cause of Action)

1. Plaintiff's Complaint and each cause of action therein fail to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

## SECOND DEFENSE
(Just and Proper Exercise of Managerial Discretion)

2. Plaintiff's claims are barred, in whole or in part, in that Defendant's actions were a just and proper exercise of management discretion and business judgment, which were undertaken for a fair and honest reason regulated by bona fide good faith under the circumstances then existing.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT UNITED WHOLESALE MORTGAGE, LLC'S ANSWER TO COMPLAINT

## THIRD DEFENSE
### (Legitimate Business Purpose)

3.    Plaintiff's claims are barred, in whole or in part, because, to the extent an employment relationship existed, Defendant had an honest, good faith belief that all decisions with respect to Plaintiff's employment were made by Defendant solely for legitimate, non-retaliatory, business-related reasons and were reasonably based upon the facts as Defendant understood them.

## FOURTH DEFENSE
### (Mixed Motive)

4.    Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred because assuming, arguendo, that retaliatory or discriminatory reasons had been a motivating factor in any employment decisions concerning Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-retaliatory and/or non-discriminatory reasons.

## FIFTH DEFENSE
### (Punitive Damages Unavailable)

5.    Plaintiff's Complaint fails to state facts sufficient to state a claim for punitive and/or exemplary damages under California Civil Code § 3294.

## SIXTH DEFENSE
### (Punitive Damages Unconstitutional)

6.    Plaintiff's claim for punitive damages is barred in whole or in part because Defendant did not act with malice, oppression, or fraud, and imposing punitive damages would be an unconstitutional denial of Defendant's rights to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and Articles I and IV of the California Constitution

## SEVENTH DEFENSE
### (Failure to Mitigate Damages)

7.    Plaintiff's damages, if any, must be reduced because Plaintiff failed to make reasonable efforts to mitigate his damages, including by his unreasonable and untimely failure to obtain comparable employment.

## EIGHTH DEFENSE

### (Estoppel)

8.      Plaintiff's causes of action are barred in whole or in part by the doctrine of estoppel.

## NINTH DEFENSE

### (Release and Waiver)

9.      Plaintiff's causes of action are barred in whole or in part because they have been released or waived.

## TENTH DEFENSE

### (Statute of Limitations)

10.      Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Government Code § 12965(b), California Civil Procedure Code §§ 335.1, 338, 340, and 343, and California Business and Professions Code § 17208.

## ELEVENTH DEFENSE

### (Avoidable Consequences)

11.      Plaintiff is not entitled to recover any damages as prayed for in the Complaint on the grounds that such damages could have been avoided under the doctrine of avoidable consequences. Plaintiff unreasonably failed to take advantage on a timely basis of any preventative or corrective safeguards provided by Defendant or otherwise to avoid harm.

## TWELFTH DEFENSE

### (After-Acquired Evidence)

12.      Any recovery on Plaintiff's causes of action is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence that Defendant has presently and/or may acquire during the course of this litigation.

## THIRTEENTH DEFENSE

### (Failure to Exhaust Administrative Remedies)

13.      Plaintiff's causes of action are barred in whole or in part because he failed to timely and/or properly exhaust his administrative and/or contractual remedies.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

DEFENDANT UNITED WHOLESALE MORTGAGE, LLC'S ANSWER TO COMPLAINT

## FOURTEENTH DEFENSE

### (Unclean Hands)

14.    As a separate and independent affirmative defense to each cause of action in Plaintiff's Complaint, the claims of Plaintiff are barred, in whole or in part, by the doctrine of unclean hands and/or Plaintiff's own inequitable or wrongful conduct.

## FIFTEENTH DEFENSE

### (Setoff and Recoupment)

15.    As a separate and independent affirmative defense to each cause of action in Plaintiff's Complaint, Defendant alleges that if any damages have been sustained by Plaintiff, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

## SIXTEENTH DEFENSE

### (Accord and Satisfaction)

16.    Plaintiff's Complaint, and each cause of action therein, are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

## SEVENTEENTH DEFENSE

### (Res Judicata/Collateral Estoppel)

17.    Plaintiff's Complaint and the claims alleged therein are barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

## EIGHTEENTH DEFENSE

### (Workers' Compensation Preemption)

18.    As to Plaintiff's Complaint and the causes of action alleged therein, to the extent that Plaintiff seeks recovery on account of any alleged physical, mental, and/or emotional pain and suffering, which is expressly denied, his exclusive remedy for such damages is under the California Workers' Compensation Act, and specifically Labor Code Section 3601 and 3602.

## NINETEENTH DEFENSE

### (One Satisfaction)

19.     As to Plaintiff's Complaint and the causes of action alleged therein, Plaintiff cannot properly recover damages under multiple or different theories or causes of action for the same or similar alleged acts.

## TWENTIETH DEFENSE

### (Additional Defenses)

20.     Defendant is informed and believes that it may have additional defenses available. Defendant reserves the right to assert additional defenses after facts supporting those defenses are obtained.

## PRAYER

**WHEREFORE**, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by reason of the Complaint on file herein, and that his Complaint be dismissed with prejudice;

2.     That judgment be entered in favor of Defendant and against Plaintiff;

3.     That Defendant be awarded its costs of suit;

4.     That Defendant be awarded its attorneys' fees according to proof; and

5.     That the Court award Defendant such other and further relief as the Court may deem proper.

Dated: February 18, 2026                    MORGAN, LEWIS & BOCKIUS LLP


                                            By   */s/ Max Fischer*
                                                 Max Fischer
                                                 Elizabeth Bright
                                                 Jacqueline Dack

                                                 Attorneys for Defendants
                                                 UNITED WHOLESALE MORTGAGE, LLC

## PROOF OF SERVICE

I, Enrique Curan, declare:

I am a citizen of the United States and employed in Los Angeles, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2049 Century Park East, Suite 700, Los Angeles, CA 90067. On February 18, 2026, I served a copy of the within document:

### DEFENDANT UNITED WHOLESALE MORTGAGE, LLC'S ANSWER TO COMPLAINT

☒ **BY ELECTRONIC MAIL:** by transmitting via electronic mail the document listed above to each of the persons set forth below.

KINGSLEY SZAMET                                  *Counsel for Plaintiff*
EMPLOYMENT LAWYERS
Eric B. Kingsley, Esq.
eric@kingsleylawyers.com
service@kingsleylawyers.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436

LIANE LY LAW
Liane Katzenstein Ly, Esq.
liane@lianelylaw.com
601 S. Figueroa St., Ste 1950
Los Angeles, CA 90017-3983

Executed on February 18, 2026, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Enrique Curan

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES